**XIN CHENG WU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, et al., Respondents.**

No. 08–0111–ag.

United States Court of Appeals, Second Circuit.

Aug. 22, 2008.

---

Craig T. Donovan, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Xin Cheng Wu, a native and citizen of China, seeks review of a December 11, 2007 order of the BIA affirming the May 4, 2006 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his applications for asylum, withholding of removal, and CAT relief. *In re Wu, Xin Cheng,* No. A98 347 958 (BIA Dec. 11, 2007), *aff'g* No. A98 347 958 (Immig. Ct. N.Y. City May 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). However, when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, i.e., "minus" the arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, we review both the decisions of the BIA and the IJ, minus the IJ's burden finding.[1] See *Yun–Zui Guan,* 432 F.3d at 394.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any

---

1. As the Government notes, the BIA mis-stated the IJ's burden finding, "affirm[ing]" the IJ's finding that Wu failed to demonstrate that the harm he suffered amounted to past persecution, when in fact that IJ found that Wu did not have a well-founded fear of persecution.

Because the adverse credibility determination in this case is dispositive, we reach none of the agency's various burden findings. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

We conclude that the IJ's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ correctly observed that while Wu testified that he began practicing Falun Gong in July 2001 because he had been unable to find a job and was depressed, his written application states that he began working as a chef in January 1999. Moreover, although Wu later testified that the January 1999 start date in his application referred to a training period that was part of his schooling, the IJ reasonably rejected this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the

agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Similarly, the IJ accurately observed that while Wu testified that after his September 2003 arrest and detention, he did not return to work, his written application states he continued to work as a chef until May 2004.

The record also reflects the IJ's observation that while Wu initially testified that he visited a relative in Boston for only a month, he later testified that he had lived there for more than a year and rarely comes to New York. Additionally, the IJ accurately observed that while Wu testified that he stopped attending school in July 2000, the household registration booklet he submitted was issued in August 2001 and stated that he was a student. The IJ was not required to expressly consider and reject Wu's explanation that the household registration booklet is only issued every ten years because it did not resolve the discrepancy where the booklet was issued after he allegedly stopped attending school. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir. 2006) (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented). Even if these discrepancies, taken separately, concern matters collateral or ancillary to Wu's claim, because "the cumulative effect may nevertheless be deemed consequential by the fact-finder," we conclude that the agency's adverse credibility determination, although not without error,[2] was supported by substantial evidence and was thus a

---

**2.** For example, the IJ erred in finding that Wu's failure to testify in greater detail regarding Falun Gong doctrine undermined his credibility where he did not claim specialized knowledge of Falun Gong doctrine. *See Rizal*

*v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006). The IJ also erred in finding implausible Wu's testimony that he legally departed from China although police were allegedly looking for him. *See Jin Chen v. U.S. Dep't of Justice,* 426

proper basis for the denial of Wu's asylum claim. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the only evidence of a threat to Wu's life or freedom or a risk of torture depended upon his credibility, the adverse credibility determination in this case precludes success on Wu's claims for withholding of removal and CAT relief, which were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. And any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

F.3d 104, 115 (2d Cir.2005) ("The IJ's assumption that airport officials in Shanghai would immediately recognize on visual inspection every minor wanted criminal in a country with a population of over 1.2 billion does seem to defy logic"). However, these

errors do not warrant remand because, in light of the noted findings, we can confidently predict that the agency would again reach the same conclusion. *See Xiao Ji Chen,* 471 F.3d at 339–40.